## Woodruff v. Goldbach, et al.

(Decided March 6, 1913.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Counties—Government and Officers—Appointment of Employes— Stenographers.—Section 331e, subsection 17, Kentucky Statutes, authorizes a county court judge in counties having a city of the first or second class to appoint a stenographer to his court, and to fix his salary at not exceeding $60.00 per month.

2. Counties—Officers—Liability For Official Acts—Action—Pleading —Petition.—In an action to recover from an employe of the county court, and members of the fiscal court, and the county judge, the amount paid to such employe by the fiscal court, upon the ground that such appointment was invalid, the appointment and compensation of such employe being authorized by statute, the petition, failing to allege that such compensation was not paid out of a fund especially levied and collected for that purpose, does not state a cause of action.

BURWELL K. MARSHALL for appellant.

HERMAN GOCKE, EDWARD P. HUMPHREY for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In 1911, the County Judge of Jefferson County appointed Nora Goldbach stenographer to his court, at a salary of $60.00 per month. She entered upon the discharge of her duties as such, and the fiscal court, regularly for ten months thereafter, allowed her claim against the county for such services, and same was paid until she had drawn from the county treasury the sum of $600.00. W. F. Woodruff, conceiving that her employment and consequent payment were unauthorized by statute, illegal and void, instituted suit, on behalf of himself and other taxpayers, against Nora Goldbach, the members of the fiscal court, and the county judge, for the purpose of recovering from her and them the money which had been

---

Opinion withdrawn; case reversed. Sec. 153 Ky., 411.

so paid to her. The defendants filed a general demurrer to the petition, and this being sustained, the plaintiff declined to plead further. The petition was dismissed, and he appeals.

Section 331-e, sub-section 17, of the Kentucky Statutes, provides that:

"In counties having a city of the first or second class, the county court may appoint a stenographer who, under the direction of the court, shall take down in shorthand such evidence offered in the proceedings as the court may deem necessary, and said stenographer shall make a transcript of the substance of the evidence taken down and file such transcript with the papers of the proceedings herein. Such stenographer shall perform such other duties as may be assigned to him by the judge of the county court; such stenographer shall receive a salary to be fixed by the judge of the county court, not exceeding $60.00 per month, to be paid as provided for herein."

The appointment, in the case at bar, was evidently made under this statutory provision, though no mention is made of it in brief by counsel for either appellant or appellee. As the appointment was made by the county judge and the salary fixed at $60.00 per month, it is apparent that the county judge must have been proceeding under this section. Sub-section 21 of the act provides for the levy and collection of a tax for the payment of the moneys authorized to be expended under this act, and, in the absence of an allegation to the contrary we must presume that the fiscal court, in the payment of the salary to appellee, used the funds provided for this purpose. As the statute authorizing the appointment by the county judge is a part of a comprehensive system devised by the legislature for the care, protection, and upbuilding of dependent, neglected, and delinquent children, and as in cities of the first class and second class such unfortunate children are numerous and trials are therefore necessarily frequent, the wisdom of the legislature in making provision for the speedy disposition of the cases by causing the evidence to be taken by a stenographer, can not be questioned, for, not only does it enable the court speedily to dispose of the cases brought before him, but, at the same time, he is enabled to preserve an accurate record of all the proceedings.

The appointment of appellee being authorized by statute and provisions having been made therein for her compensation, and there being no charge in the petition

that she was not paid out of a fund especially levied and collected for the purpose of paying her, the trial court properly held that the petition stated no cause of action.
Judgment affirmed.